IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUATRO SYSTEMS, INC.,

    Plaintiff,

vs.                                                             CIV No. 01-1355 MV/RP

HONEYWELL INTERNATIONAL, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Transfer Referred Civil Action to Bankruptcy Court **[Doc. No. 7]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## BACKGROUND

On November 30, 2001, Plaintiff Quatro Systems, Inc., filed a Complaint **[Doc. No. 1]** against Defendant Honeywell International, Inc., alleging breach of contract, breach of duty of good faith and fair dealing, misrepresentation, violation of the Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 *et seq.* (Michie 1978), and prima facie tort. Plaintiff requested compensatory and punitive damages, and demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Defendant filed its Answer and Counterclaim on February 21, 2002 **[Doc. No. 15]**, its Answer and Amended Counterclaim on February 22, 2002 **[Doc. No. 16]**, and its Amended Answer and Amended Counterclaim on March 13, 2002 **[Doc. No. 17]**. Plaintiff answered Defendant's Counterclaim on March 20, 2002 **[Doc. No. 18]**.

On December 3, 2001, Plaintiff filed a bankruptcy petition with the United States Bankruptcy Court for the District of New Mexico. As a consequence, Defendant currently moves the Court to transfer this civil case to the bankruptcy court as a "proceeding related to a case under Title 11" pursuant to Administrative Order Misc. No. 84-0324 (D.N.M. Mar. 19, 1992).

## **DISCUSSION**

Section 157(c)(2) of Title 28 authorizes "the district court, with the consent of all the parties to the proceeding, [to] . . . refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title." Moreover, "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). The United States District Court for the District of New Mexico has, by administrative order, specially designated "the Bankruptcy Judges of this District to conduct jury trials in those proceedings that may be heard by a Bankruptcy Judge." Administrative Order Misc. No. 94-323 (D.N.M. Dec. 1, 1994).

Both parties have agreed that this civil action is "related to" a bankruptcy case. *See* Def.'s Mem. Supp. Mot. at 2 ("The complaint is . . . a proceeding related to the Bankruptcy Case.");

Pl.'s Resp. at 1 ("Quatro Systems, Inc. agrees that the district court action is 'related to' the subsequently-filed bankruptcy case . . . ."). Additionally, both parties have expressly consented to permit the Bankruptcy Court to preside over this civil matter, including the jury trial. *See* Pl.'s Resp. at 2 ("Quatro Systems, Inc. does not oppose the exercise of that discretion in favor of specially designating Judge Starzynski to hear this case so long as all parties consent to the case being tried to a jury."); Def.'s Reply at 2 ("Honeywell hereby consents to the Bankruptcy Judge's conducting nay [sic] jury trial in this proceeding.").

Having had the consent of both parties, the Court will transfer this civil matter to the Bankruptcy Judge, who has been specially designated to conduct the jury trial. Because the parties have so consented, the Court does not find it necessary to address (1) the applicability of Administrative Order Misc. No. 84-0324 in this transfer, or (2) the relationship between Administrative Order Misc. No. 84-0324, 28 U.S.C. § 157(e), and the Seventh Amendment right to a jury trial.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Referred Civil Action to Bankruptcy Court **[Doc. No. 7]** is hereby **GRANTED**. The Bankruptcy Judge presiding over this case is specially designated to conduct the jury trial in this matter.

DATED this 7th day of May, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Jay D. Hertz, Esq.
Attorney for Defendant:
Theresa W. Parrish, Esq.
William J. Arland III, Esq.
Karla K. Poe, Esq.

-3-